JS-3/ent

# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** CR 12-560-JFW |
| **Defendant** 1. G & A Check Cashing | **Social Security No.** _ _ _ _ (Last 4 digits) |
| akas: - | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| January | 14 | 2013 |

**COUNSEL**  Daniel V. Behesnilian, Retained
(Name of Counsel)

**PLEA**  [x] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING**  There being a finding of GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy in violation of 18 U.S.C. § 371 [ct 1]; Failure to Maintain an Effective Anti-Money Laundering Program; Aiding and Abetting and Causing an Act to Be Done in violation of 31 U.S.C. §§:5318(h), 5322; U.S.C. § 2 [ct 12] as charged in the Twelve-Count Indictment filed on June 12, 2012

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, G & A Check Cashing, is hereby placed on probation on Counts One and Twelve of the Indictment for a term of two years. This term consists of two years on each of Counts One and Twelve of the Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02.

2. During the period of community supervision the defendant shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall not engage in any business services involving check cashing without the express approval of the Probation Officer prior to engagement in such services. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of G & A Check Cashing, as directed by the Probation Officer.

| USA vs. | 1. G & A Check Cashing | Docket No.: | CR 12-560-JFW |
|---|---|---|---|

4. If the defendant, with the express prior approval of the Probation Officer, resumes operation as a check cashier, the defendant shall create and implement an effective anti-money laundering compliance program which, at a minimum, meets all the minimum requirements of 31 C.F.R. § 1022.210.

5. The defendant shall operate in full compliance with all federal, state, and local laws and regulations regarding money service businesses, including check cashing. Moreover, defendant shall abide by and follow any lawful orders issued by any local, state, or federal regulatory and enforcement agency having jurisdiction over its activities.

6. The defendant shall notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay special assessments or a fine.

7. The defendant shall be required to notify the Court or probation officer immediately upon learning of (1) any material adverse change in its business or financial condition or prospects, or (2) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by government authorities regarding the organization.

8. The defendant shall notify the Probation Officer immediately of any intent to sell the organization, change the name of the organization, merge with another business entity, or otherwise dissolve and/or modify, in any form or manner, the organizational structure from its present status.

9. If the defendant changes its name, or merges with another company through a stock or assets purchase, or sells or transfers all or substantially all of its business operations as they exist as of the date of conviction, the renamed, newly-created, transferred, sold, or merged company shall be obliged to meet all of the obligations of defendant in accordance with this judgment's orders pertaining to payment of the fine and special assessment and creation and implementation of an effective anti-money laundering program. The defendant shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto the obligations described in the Court-ordered conditions of probation.

It is ordered that the defendant shall pay to the United States a special assessment of $800, which is due immediately.

It is ordered that the defendant shall pay to the United States a total fine of $962,932, which shall bear interest as provided by law.

The fine shall be paid in full no later than 90 days after this judgment.

The defendant shall comply with General Order No. 01-05.

| USA vs. | 1. G & A Check Cashing | Docket No.: | CR 12-560-JFW |
|---|---|---|---|

Pursuant to 31 U.S.C. § 5317(c)(1)(A), defendant shall forfeit to the United States the sum of $240,733.00 in the form of a personal money judgment of criminal forfeiture for the violation alleged in Count One of the Indictment and the money judgment is hereby incorporated by reference into this judgment and is final.

Defendant informed of right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| January 14, 2013 | | *[signature]* | |
|---|---|---|---|
| Date | | U. S. District Judge | |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| January 14, 2013 | By | Shannon Reilly /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

USA vs.  1. G & A Check Cashing            Docket No.:   **CR 12-560-JFW**

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

| USA vs. | 1. G & A Check Cashing | Docket No.: | **CR 12-560-JFW** |
|---|---|---|---|

[X] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

| | |
|---|---|
| USA vs.   1. G & A Check Cashing | Docket No.:  **CR 12-560-JFW** |

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____   By   _____
Date                                               Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____   By   _____
Filed Date                                         Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____            _____
              Defendant                                              Date

_____                              _____
U. S. Probation Officer/Designated Witness       Date